# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| KIA NICHELE WILLIAMS | : | CASE NO. 24-10681-PMM |
| CITADEL FEDERAL CREDIT UNION | : | CHAPTER 13 |
| MOVANT, | : | 11 U.S.C. § 362 |
| v. | : | |
| KIA NICHELE WILLIAMS | : | October 1, 2024, 10:00am |
| DEBTOR, | : | |
| SCOTT F. WATERMAN, TRUSTEE ADDITIONAL RESPONDENT | : | |

**ORDER**

**AND NOW,** this day _____, 2024, upon Motion of Citadel Federal Credit Union (Movant), its successors and assigns, for relief from the Automatic Stay it is:

**ORDERED AND DECREED**: that Movant shall be permitted to communicate with the Debtor(s) and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law; and it is further;

**ORDERED AND DECREED THAT:** The Automatic Stay of all proceedings, as provided under 11 U.S.C. §362 is granted with respect to the enforcement of its security interest in the 2021 Chevrolet Traverse, it successors and assigns, to proceed with its rights under the terms of said security interest and it is further;

The relief granted by this Order shall be effective immediately and shall not be subject to the fourteen (14) day period set forth in Bankruptcy Rule 4001(a)(3).

.                                                                           **BY THE COURT:**

_____
The Honorable Patricia Mayer

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| KIA NICHELE WILLIAMS | : | CASE NO. 24-10681-PMM |
| | : | |
| | : | |
| CITADEL FEDERAL CREDIT UNION | : | CHAPTER 13 |
| | : | |
| MOVANT, | : | 11 U.S.C. § 362 |
| | : | |
| | : | |
| v. | : | |
| | : | |
| KIA NICHELE WILLIAMS | : | |
| | : | October 1, 2024, 10:00am |
| DEBTOR, | : | |
| | : | |
| SCOTT F. WATERMAN, TRUSTEE | : | |
| ADDITIONAL RESPONDENT | : | |

### MOTION FOR RELIEF OF CITADEL FEDERAL CREDIT UNION
### FROM THE AUTOMATIC STAY UNDER SECTIONS 362 (A) OR IN THE
### ALTERNATIVE ADEQUATE PROTECTION

Citadel Federal Credit Union, (hereinafter "Movant"), by and through its undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362 to terminate the automatic stay and grant relief to allow Movant to enforce its security interest in the 2021 Chevrolet Traverse (the "Vehicle"), or in the alternative, be granted adequate protection payments. In further support of this Motion, Movant respectfully states:

1. Kia Williams ("Debtor"), Respondent herein, filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code, on February 29, 2024, under Bankruptcy No. 24-10681-pmm.

2. A Chapter 13 plan was filed on February 29, 2024.

3. Movant is a secured creditor of the Debtor and the facts are more fully set forth below.

1

4. On or about, July 3, 2021, the debtor entered into a loan and security agreement (the "security agreement") with the Movant for the Debtor's acquisition and purchase of a 2021 Chevrolet Traverse.  A true and correct copy of the security agreement is attached hereto as Exhibit A.

5. Pursuant to the Security Agreement with Movant, Debtor was to pay $677.11monthly.

6. The Plan states that Debtor will make post-petition or adequate assurance payments to Movant.

7. As of the date of the filing of the bankruptcy on February 29, 2024, Movant was the Holder of the secured claim against the Debtor in the amount of $30,106.38 as shown in Movant's Proof of Claim.  *See Claim No. 11-1 on the Claims Register.*

8. On February 29, 2024, the total arrearages owed through the Plan were $2,852.96*See Claim No. 11-1*.

9. Debtor has not made the post-petition payments for the months of March, April, May, July and August 2024.[1]

10. The total amount owed is as follows:

| 03/17/24 | 08/17/2024 | @$713.24P/M | $ | 3,566.20 |
|---|---|---|---|---|
|  | 06/17/2024 | Payment Made |  | (667.00) |
|  |  | Attorney's fee |  | 650.00 |
|  |  | Filing fee |  | 181.00 |
|  |  | **TOTAL DUE** | $ | **3,730.20** |

11. As a result of Debtor's default and failure to make payments or to otherwise fail to adequately provide for Movant, Movant is not adequately protected and is entitled to relief.

---

[1] Debtor made one payment on June 17, 2024. This amount is credited to the total.

12. Additionally, the Debtor does not have insurance coverage for the Vehicle and Movant has had to put in forced placed insurance on said Vehicle.

13. The Vehicle is a depreciating asset and Movant does not have adequate protection in the decreasing value of the Vehicle.

14. Pursuant to 1325(a)(5)(B)(iii)(II), the Movant should be receiving adequate protection payments from the Debtor for the protection of the Movant's interest in the Vehicle.

15. Pursuant to Section 1326(a)(1)(C), there should be adequate protection payments to Movant due to their security interest in the vehicle and these payments should be occurring during the time period prior to plan confirmation.

16. Amy payments made pursuant to 1326(a)(1)(C) will be credited towards the amount the Debtor must pay under the proposed Chapter 13 plan.

17. Taking into consideration the total amount owed on the security agreement with the likely costs of the sale, accruing interest and depreciating value as a result of Debtor's continued use of the collateral, the Debtor has no equity in the Vehicle.

18. By reason of the foregoing, Movant respectfully requests an Order granting Movant relief from the automatic stay provisions of the Bankruptcy Code so as to allow Movant or its agents to repossess and sell the Vehicle in accordance with is rights under the security agreement; or in the alternative, that the Debtor provide adequate protection payments to Movant until the confirmation of Debtor's plan.

**WHEREFORE**, Movant requests this Honorable Court to:

A. Enter an order modifying the automatic stay under § 362 with respect to the liened 2021 Chevrolet Travers so as to permit Movant to enforce its lien and to allow Movant to repossess the Vehicle and sell same to satisfy its lien or in the alternative;

3

B. Enter an Order required the Debtor to make adequate protection payments to the Movant;

C. For such other relief as the Court deems proper.

**VAUGHAN MCLEAN**

By:  */s/ M. Jacqueline Larkin*
M. Jacqueline Larkin, Esq.
ID No. 30919
Two Logan Square
100 N. 18th Street, Suite 700
Philadelphia, PA 19103
(215) 569-2400

Date:  September 9, 2024

4

# EXHIBIT A

LAW 553-PA-e 12/19

## RETAIL INSTALLMENT SALE CONTRACT
## SIMPLE FINANCE CHARGE

DEAL#: 10728
CUST#: 99502

003424

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| KIA NICHELE WILLIAMS<br>519 E 11TH ST<br>NORTHAMPTON PA 18067<br>NORTHAMPTON | N/A | RACEWAY CHEVROLET<br>1124 HELLERTOWN RD<br>BETHLEHEM, PA 18015 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Mfg Gross Vehicular Weight | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 2021 | CHEVROLET TRAVERSE | | 1GNERFKW1MJ243999 | Personal, family, or household unless otherwise indicated below<br>☐ business<br>☐ agricultural   ☐ _____ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your down payment of $ 2488.99 is |
|---|---|---|---|---|
| 8.99 % | $ 12172.77 | $ 38610.48 | $ 50783.25 | $ 53272.24 |

**Your Payment Schedule Will Be:**   (e) means an estimate

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 75 | $ 677.11 | Monthly                 beginning  08/17/2021 |
| N/A | $ N/A | N/A |
| N/A | | |

**Returned Check Charge:** You agree to pay the costs we actually pay to others if any check you give us is dishonored.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Late Charge.** If payment is not paid in full within 10 days after it is due, you will pay a late charge. If the vehicle is a heavy commercial motor vehicle, the charge will be 4% of the part of the payment that is late. Otherwise, the charge will be 2% of the part of the payment that is late.
**Prepayment.** If you pay early, you will not have to pay a penalty.
**Security Interest.** You are giving a security interest in the vehicle being purchased.
**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**If you do not meet your contract obligations, you may lose the vehicle.**

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

77364*1*RWC-FI

07/03/2021  02:39 pm

LAW 553-PA-e 12/19 v1   Page 1 of 5

ITEMIZATION OF AMOUNT FINANCED (Seller may keep part of the amounts paid to others.)

1. **Cash Price**

| | | |
|---|---|---|
| Vehicle | | $ 35500.00 |
| Accessories and Installation | | $ N/A |
| Government Taxes | | $ 288.00 |
| Vehicle Delivery | | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| | | $ 35788.00 (1) |

2. **Total Downpayment =**

   Trade-In  2020  CHEVROLET  TRAVERSE
   (Year) (Make) (Model)

   Trade-In  1GNERFKWXLJ144287
   (VIN)

| | |
|---|---|
| Gross Trade-In Allowance | $ 34000.00 |
| Less Pay Off Made By Seller to WELLS FARGO | $ 33711.01 |
| Equals Net Trade In | $ 288.99 |
| + Cash  CASH | $ 700.00 |
| + Other  REBATE | $ 1500.00 |
| + Other  N/A | $ N/A |
| + Other  N/A | $ N/A |
| (If total downpayment is negative, enter "0" and see 4H below) | $ 2488.99 (2) |

3. Unpaid Balance of Cash Price (1 minus 2)  $ 33299.01 (3)

4. Other Charges Including Amounts Paid to Others on Your Behalf

   A. Cost of Optional Credit Insurance Paid to Insurance Company or Companies
      Life  Term  N/A  $ N/A
      Disability  Term  N/A  $ N/A   $ N/A

   B. Other Optional Insurance Paid to Insurance Company or Companies
      (Describe) N/A  Term N/A  $ N/A
      (Describe) N/A  Term N/A  $ N/A

   C. Official Fees Paid to Government Agencies
      to STATE  for PA TIRE TAX  $ 5.00
      to N/A  for N/A  $ N/A
      to STATE  for TRANSFER REG FEE  $ 9.00

   D. Optional Gap Contract  $ N/A
   E. Government Taxes Not Included in Cash Price  $ N/A
   F. Government License and/or Registration Fees
      ONLINE REGISTRATION  $ 17.47
   G. Government Certificate of Title Fees
      (includes $ N/A security interest recording fee)  $ 58.00
   H. Other Charges (Seller must identify who is paid and describe purpose)

| | | |
|---|---|---|
| to N/A | for Prior Credit or Lease Balance | $ 0.00 |
| to N/A | for N/A | $ N/A |
| to RACEWAY CHEVROLET | for PORTFOLIO | $ 4800.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to RACEWAY CHEVROLET | for DOC FEE | $ 394.00 |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |
| to N/A | for N/A | $ N/A |

   Total Other Charges and Amounts Paid to Others on Your Behalf  $ 5311.47 (4)

5. Amount Financed (3 + 4)  $ 38610.48 (5)
6. Finance Charge  $ 12172.77 (6)
7. Total of Payments-Time Balance (5 + 6)  $ 50783.25 (7)

77364*1*RWC-FI

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance**

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
Credit Life $ _____ N/A
Credit Disability $ _____ N/A

Insurance Company Name  N/A
N/A

Home Office Address  N/A
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance pays the unpaid part of the Amount Financed if you die. This insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance pays the scheduled payments due under this contract while you are disabled. This insurance does not cover any increase in your payment or in the number of payments. The policies or certificates issued by the named insurance companies may further limit the coverage that credit life insurance or credit disability insurance provides. See the policies or certificates for coverage limits or other terms and conditions.

**Other Optional Insurance**

☐ _____N/A_____ _____N/A_____
   Type of Insurance  Term

Premium $ _____ N/A
Description of Coverage _____ N/A
N/A
Insurance Company Name _____ N/A
N/A
Home Office Address _____ N/A
N/A

☐ _____N/A_____ _____N/A_____
   Type of Insurance  Term

Premium $ _____ N/A
Description of Coverage _____ N/A
N/A
Insurance Company Name _____ N/A
N/A
Home Office Address _____ N/A
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X _____N/A_____ _____N/A_____
Buyer Signature  Date

X _____N/A_____ _____N/A_____
Co-Buyer Signature  Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

**OTHER IMPORTANT AGREEMENTS**

1. **FINANCE CHARGE AND PAYMENTS**
    a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.
    b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.
    c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.
    d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

2. **YOUR OTHER PROMISES TO US**
    a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.
    b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, to the extent permitted by law you agree to repay the amount when we ask for it.
    c. **Security Interest.**
    You give us a security interest in:
    - The vehicle and all parts or goods put on it;
    - All money or goods received (proceeds) for the vehicle;
    - All insurance, maintenance, service, or other contracts we finance for you; and
    - All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
    
    This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.
    d. **Insurance you must have on the vehicle.**
    You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our entire interest in the vehicle as well as yours. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we will buy insurance that covers your interest and our interest in the vehicle. We will tell you the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.
    e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**
    a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. The term "heavy commercial motor vehicle" means any new or used motor vehicle, excluding a recreational vehicle, which is (i) a truck or truck tractor having a manufacturer's gross vehicular weight of thirteen thousand (13,000) pounds or more, or (ii) a semitrailer or trailer designed for use in combination with a truck or truck tractor. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
    If you pay late, we may also take the steps described below.
    b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
    - You do not pay any payment on time;
    - You give false or misleading information during credit application;
    - You start a proceeding in bankruptcy or one is started against you or your property; or
    - You break any agreements in this contract.
    
    The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.
    c. **You may have to pay collection costs.** If you default and we have to go to court to recover the vehicle, you will pay the reasonable attorney's fees and court costs as the law permits. You will also pay any attorney's fees and court costs a court awards us.
    d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.
    e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may get it back by paying the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any other amounts lawfully due under the contract (redeem). Your right to redeem ends when we sell the vehicle. We will tell you how much to pay to redeem.
    If we repossess the vehicle, we may, at our option, allow you to get the vehicle back before we sell it by paying all past due payments, late charges, and any other amounts due because you defaulted (reinstate). We will tell you if you may reinstate and how much to pay if you may.
    If you are in default for more than 15 days when we take the vehicle, the amount you must pay to redeem or reinstate will also include the expenses of taking the vehicle, holding it, and preparing it for sale.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, or, at our option, reinstate, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it, as the law allows. Reasonable attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you may have to pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

h. **Summary Notice Regarding Prepayment, Rebate of Finance Charge and Reinstatement: You may prepay all or part of the amount you owe under this contract without penalty. If you do so, you only have to pay the earned and unpaid part of the finance charge and all other amounts due up to the date of your payment. Unearned finance charges will not be rebated under this contract because there will never be any unearned finance charges to rebate. If you default and we repossess the vehicle, we may, at our option, allow you to get the vehicle back before we sell it by paying all past due payments, late charges, and expenses (reinstate).**

4. **WARRANTIES SELLER DISCLAIMS**

The following paragraph does not affect any warranties covering the vehicle that the vehicle manufacturer may provide. The following paragraph also does not apply at all if you bought the vehicle primarily for personal, family, or household use.

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

5. **Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

6. **SERVICING AND COLLECTION CONTACTS**

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

7. **RIGHT TO RECEIVE STATEMENT OF ACCOUNT**

**Upon your request, we will provide you a statement of account that shows information about your payment history including any charges and credits to your account. It will also show amounts that are due at the time of your request and information regarding future payments. We will provide you one statement of account at no cost. We may charge you our reasonable costs for any additional statements requested, as the law allows. Your right to receive a statement of account ends one year after termination of the contract.**

8. **ADDITIONAL RIGHTS**

**If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.**

9. **APPLICABLE LAW**

Federal law and the law of the state of Pennsylvania apply to this contract.

| | |
|---|---|
| OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 4D of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract. | |
| Term __N/A__ Mos. | __N/A__<br>Name of Gap Contract |
| I want to buy a gap contract.<br>Buyer Signs X _____N/A_____ | |

OPTION: ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before __N/A__, Year __N/A__. SELLER'S INITIALS _____

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding.    Buyer Signs X _[signature]_    Co-Buyer Signs X _____N/A_____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
You authorize us to obtain information about you, or the vehicle you are buying, from the state motor vehicle department or other motor vehicle registration authorities.
See the rest of this contract for other important agreements.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

NOTICE TO BUYER. DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.
Buyer Signs X _[signature]_ Date __07/03/2021__ Co-Buyer Signs X _____N/A_____ Date __N/A__

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.
Buyer Signs X _[signature]_ Date __07/03/2021__ Co-Buyer Signs X _____N/A_____ Date __N/A__
Buyer Printed Name __KIA NICHELE WILLIAMS__    Co-Buyer Printed Name __N/A__
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name __N/A__    Title __N/A__
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X __N/A__    Address __N/A__
Seller signs __RACEWAY CHEVROLET__ Date __07/03/2021__ By X _[signature]_    Title __FI MANAGER__

LAW FORM NO. 553-PA-e (REV. 12/19)
©2019 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

77364*1*RWC-FI

07/03/2021    02:39 pm
LAW 553-PA-e 12/19 v1    Page 5 of 5

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| KIA NICHELE WILLIAMS | : | CASE NO. 24-10681-PMM |
| | : | |
| CITADEL FEDERAL CREDIT UNION | : | CHAPTER 13 |
| | : | |
| MOVANT, | : | 11 U.S.C. § 362 |
| | : | |
| v. | : | |
| | : | |
| KIA NICHELE WILLIAMS | : | |
| | : | October 1, 2024, 10:00am |
| DEBTOR, | : | |
| | : | |
| SCOTT F. WATERMAN, TRUSTEE | : | |
| ADDITIONAL RESPONDENT | : | |

## CERTIFICATION OF SERVICE

I, M. Jacqueline Larkin, Esquire, represent the Movant in the above-captioned matter and hereby certify that I did cause a true and correct copy of the foregoing Motion for Relief and accompany documents to be served on this 9th day of September the CM/ECF System of the Court upon the following individuals and first-class mail:

Kia Nichele Williams
519 E. 11th Street
Northampton, PA 18067
Debtors

Charles Laputka, Esquire
1344 W. Hamilton St.
Allentown, PA 18102
claputka@laputkalaw.com
Attorney for Debtors

Scott F. Waterman
Standing Chapter 13 Trustee
2901 St. Lawrence Ave.
Suite 100
Reading, PA 29606

**United States Trustee**
Office of United States Trustee

Robert N.C. Nix Federal Building
900 Market Street
Suite 320
Philadelphia, PA 19107

                                    **VAUGHAN MCLEAN**

By:   */s/ M. Jacqueline Larkin*
       M. Jacqueline Larkin, Esq.
       Attorney ID No. 309190
       Two Logan Square
       100 N. 18th Street, Suite 700
       Philadelphia, PA 19103
       (215) 569-2400